**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-2132**

MAURICIA HARRINGTON-WALL,

Plaintiff – Appellant,

v.

CITY OF MONROE, NC; MARTEL HARRISON, Individually and Officially,

Defendants – Appellees.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:19-cv-00366-FDW-DSC)

Submitted: January 21, 2022                Decided:  March 7, 2022

Before GREGORY, Chief Judge, and HARRIS and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Cheyenne N. Chambers, TIN, FULTON, WALKER & OWEN, PLLC, Charlotte, North Carolina, for Appellant.  Scott Douglas MacLatchie, HALL BOOTH SMITH, PC, Charlotte, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mauricia Harrington-Wall filed a complaint asserting claims under 42 U.S.C. § 1983 and North Carolina state law against Martel Harrison and the City of Monroe, North Carolina, arising from Harrington-Wall's arrest on charges that were subsequently dismissed. The district court granted summary judgment to Defendants in part based on its finding that Harrison had probable cause to arrest Harrington-Wall. On appeal, Harrington-Wall argues, *inter alia*, that the district court erred by failing to consider the evidence in the light most favorable to her and that probable cause did not support her arrest. We affirm.

We "review[] de novo the district court's order granting summary judgment." *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 565 n.1 (4th Cir. 2015). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 568 (quoting Fed. R. Civ. P. 56(a)). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted). In determining whether a genuine issue of material fact exists, "we view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." *Id.* at 565 n.1 (internal quotation marks omitted). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Humphreys & Partners Architects v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted). "[T]he relevant inquiry is whether the evidence presents a sufficient

2

disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Gordon v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019) (internal quotation marks omitted).

Harrington-Wall maintains three claims on appeal: a § 1983 claim against Harrison for malicious prosecution under the Fourth Amendment, a state law malicious prosecution claim against Harrison, and a state law negligence claim against both Harrison and the City. Each claim requires Harrington-Wall to demonstrate that probable cause did not support Harrington-Wall's arrest. *See Durham v. Horner*, 690 F.3d 183, 188 (4th Cir. 2012) (finding that a § 1983 claim for malicious prosecution under the Fourth Amendment requires the plaintiff to demonstrate that defendant seized plaintiff "pursuant to legal process that was not supported by probable cause" (internal quotation marks omitted)); *Turner v. Thomas*, 794 S.E.2d 439, 444 (N.C. 2016) (explaining that a claim of malicious prosecution under North Carolina law requires a plaintiff to demonstrate that defendant acted "without probable cause"); *Best v. Duke Univ.*, 448 S.E.2d 506, 512 (N.C. 1994) (denying negligence claim because "probable cause existed as a matter of law for plaintiff's arrest").

We evaluate probable cause under an objective standard, considering the totality of the circumstances known to the officer at the time of the seizure. *Smith v. Munday*, 848 F.3d 248, 253 (4th Cir. 2017). "Stripped to its essence, the question to be answered is whether an objectively reasonable police officer, placed in the circumstances, had a reasonable ground for belief of guilt that was particularized with respect to the person to be . . . seized." *United States v. Humphries*, 372 F.3d 653, 657–58 (4th Cir. 2004) (internal

quotation marks omitted). An officer need not "resolve every doubt about a suspect's guilt before probable cause is established." *Torchinsky v. Siwinski*, 942 F.2d 257, 264 (4th Cir. 1991); *see Illinois v. Gates*, 462 U.S. 213, 244 n.13 (1983) ("[P]robable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity."). North Carolina has adopted the same totality of the circumstances test as applies under federal law when determining whether probable cause existed. *State v. Allman*, 794 S.E.2d 301, 303 (N.C. 2016).

"It has long since been settled by the Supreme Court that an indictment, fair upon its face, returned by a properly constituted grand jury, conclusively determines the existence of probable cause." *Durham*, 690 F.3d at 189 (internal quotation marks omitted). "[N]otwithstanding the conclusive effect of [an] indictment[]," we have stressed that "a grand jury's decision to indict will not shield a police officer who deliberately supplied misleading information that influenced the decision." *Id.* (internal quotation marks, brackets, and ellipsis omitted); *see Evans v. Chalmers*, 703 F.3d 636, 647–48 (4th Cir. 2012) (explaining that even where "a prosecutor retains all discretion to seek an indictment," an officer may remain liable if he has misled or pressured the prosecution, which includes "fail[ing] to disclose exculpatory evidence to the prosecutor").

To combat the grand jury's otherwise dispositive finding of probable cause, Harrington-Wall asserts that Harrison either deliberately or recklessly misled the magistrate and the prosecutor by failing to disclose exculpatory evidence. Therefore, to succeed on her claim, Harrington-Wall must show that Harrison made false statements "deliberately or with a reckless disregard for the truth," or "omitted from [his report]

4

material facts with the intent to make, or with reckless disregard of whether they thereby made, the [report] misleading." *Miller v. Prince George Cnty., Md.*, 475 F.3d 621, 627 (4th Cir. 2007) (internal quotation marks and citation omitted). Importantly, "false statements or omissions must be material, that is, necessary to the [magistrate and grand jury's] finding[s] of probable cause." *Id.* at 628 (internal quotation marks and alteration omitted). "To determine materiality, a court must excise the offending inaccuracies and insert the facts recklessly omitted," and then assess whether the totality of the evidence would nonetheless establish probable cause. *Id.* (internal quotation marks omitted).

Upon our review of the record, we conclude that the district court properly found that Harrison had probable cause to believe that Harrington-Wall committed the offenses for which she was arrested. Moreover, as the district court held, even if Harrison had deliberately omitted the exculpatory evidence Harrington-Wall identifies from the information he provided to the prosecutor and the magistrate, Harrington-Wall nonetheless has failed to demonstrate that the addition of these facts would have changed the magistrate or grand jury's probable cause determinations. *See Massey v. Ojaniit*, 759 F.3d 343, 356–57 (4th Cir. 2014) (finding plaintiff failed to defeat grand jury's probable cause determination because probable cause to arrest would have existed even if officers had not fabricated evidence). Therefore, because Harrington-Wall failed to show that Harrison lacked probable cause to arrest her, her claims fail as a matter of law. *See Durham*, 690 F.3d at 188–89; *Turner*, 794 S.E.2d at 444; *Best*, 448 S.E.2d at 512.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*